**Shawn DIEHL, on behalf of himself and all others similarly situated; Christopher Terry, on behalf of himself and all others similarly situated, Plaintiffs–Appellants,**

v.

**NORTHWEST TRUSTEE SERVICES INC.; First American Title Insurance Company; Does 1–10; Recontrust Company, N.A., Defendants–Appellees.**

No. 10–35518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2011.

Filed March 10, 2011.

Christopher W. Froines, Geiszler & Froines, PC, Timothy M. Bechtold, Bechtold Law Firm PLLC, Missoula, MT, for Plaintiffs–Appellants.

Northwest Trustee Services Inc., Missoula, MT, pro se.

First American Title Insurance Company, Missoula, MT, pro se.

David Brian Cotner, Datsopoulos, MacDonald & Lind, P.C., Jon G. Beal, John B. Horrell, Beal Law Firm, PLLC, Missoula, MT, Charles A. Newman, Michael J. Duvall, Sonnenschein Nath & Rosenthal LLP, St. Louis, MO, Joel David Siegel, Sonnenschein Nath & Rosenthal LLP, Los Angeles, CA, Michael S. Dockery, Crowley Fleck PLLP, Billings, MT, Joseph Yenouskas, Goodwin Procter, LLP, Washington, DC, for Defendants–Appellees.

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

## MEMORANDUM *

The key question in this appeal is whether an indenture trustee may appropriately delegate to a third party the duty to call the sale under the Montana Small Tract Financing Act ("STFA"). The Montana Code allows principals to delegate tasks to agents "unless a contrary intention clearly appears." Mont.Code Ann. § 28–10–105. No such intention is expressed in the STFA, a view confirmed by the Montana Supreme Court. *See Knucklehead Land Co., Inc. v. Accutitle, Inc.,* 340 Mont. 62, 172 P.3d 116, 120–21 (2007) (holding that an indenture trustee has only the duties specifically set forth in the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

STFA); *see also S.D. Myers, Inc. v. City and Cnty. of San Francisco*, 253 F.3d 461, 473 (9th Cir.2001) ("When interpreting state law, we are bound by decisions of the state's highest court."). We therefore affirm the district court's determination that the indenture trustee may delegate its duty to call the sale under the STFA.

The plaintiffs' remaining arguments as to the alleged need for agents to qualify as indenture trustees under the STFA are unpersuasive. *See* Mont.Code Ann. §§ 71–1–306; 28–10–105. Because Montana law is clear on the legal questions in this appeal, we deny the motion to certify the question to the state supreme court. *See* Mont. R.App. P. 15(3). The plaintiffs concede that their Fair Debt Collection Practices Act claim fails if there was no violation of Montana law.

We **AFFIRM** the decision of the district court and **DENY** the Motion to Certify.